# B. L. P. Motor Co., Inc., *v.* Walsh, Appellant.

*Practice, C. P.—Replevin—Affidavit of defense.*

In an action of replevin for the recovery of an automobile leased on a bailment, an affidavit of defense is insufficient, which admits the execution of a lease, and default of payment of rent, but denies that the plaintiff is entitled to the redelivery of the motor car, because the lease provided that "In the event of the seizure of this car the B. L. P. Motor Company will refund a 1915 4-cyl. touring car in good running order." Such a provision is not a condition precedent to the right of repossession.

Argued Oct. 22, 1918.    Appeal, No. 217, Oct. T., 1918, by defendant, from order of C. P. No. 3, Philadelphia Co., March Term, 1918, No. 1361, making absolute rule for judgment for want of a sufficient affidavit of defense in the case of B. L. P. Motor Co., Inc., v. Joseph A. Walsh.    Before ORLADY, P. J., PORTER, HEAD, TREXLER and WILLIAMS, JJ.    Affirmed.

Replevin for automobile.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Walter Biddle Saul,* for appellant.

*C. W. VanArtsdalen,* and with him *W. H. Ramsay,* for appellee.

OPINION BY WILLIAMS, J., March 12, 1919:

Plaintiff sued in replevin for the recovery of an automobile leased to defendant, and, in the statement of claim, averred a failure on the part of the defendant to

pay three monthly installments of rent of $100 each; attached to the statement was a copy of the lease by which defendant agreed in the case of such default to redeliver the leased automobile.

The affidavit of defense admitted the execution of the lease and the default in the payment of the rent, but denied that plaintiff was entitled to the redelivery of the automobile because of the following clause in the lease: "In the event of the seizure of this car the B. L. P. Motor Co., will refund a 1915 4-cyl. touring car in good running order." Defendant further averred his offer to return the leased car provided plaintiff would give him the 1915 car referred to, and the refusal of plaintiff to do so.

This is an appeal from the order of the court entering judgment for want of a sufficient affidavit of defense. Upon such an appeal the facts stated in the affidavit must be taken as a verity and defendant having admitted the execution of the lease and his default in payment of the rent the sole question is the legal effect of that part of the lease providing for the return to defendant of a "1915 4-cyl." car. The language is "in the event of the seizure of this car" (the leased car) plaintiff will refund the other car. If this clause was a condition precedent to plaintiff's right to a retaking of its car leased to defendant, then the court below was in error in entering judgment; if not, then the judgment entered was proper and should be affirmed.

The language "in the event of the seizure" means that if the plaintiff should for any reason obtain a redelivery of, or retake its car by legal process then and in that case, not before, defendant is entitled to demand the performance of the agreement "to refund a 1915 4-cyl. . . . . . car." This part of the agreement is not a condition precedent to the right of the plaintiff to retake its leased car; nor is it a failure of consideration as defendant may, if plaintiff fails to perform its covenant, pursue his

legal remedy by proper action.   In Walsh v. B. L. P. Motor Co., opinion this day handed down, it will be seen he has taken action, and that action is still pending and undetermined, and in it the respective rights of the parties may be properly adjusted; which cannot be done in an action of replevin.

The assignments of error are overruled and the judgment affirmed.